UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY LEE WADE,<br><br>    Plaintiff,<br><br>  v.<br><br>ALAMEDA COUNTY,<br><br>    Defendant. | No. C 07-5390 SI (pr)<br><br>**ORDER OF DISMISSAL** |

Tony Lee Wade, an inmate at San Quentin State Prison, has filed a pro se civil rights action under 42 U.S.C. § 1983. In his complaint, Wade alleges that he pled nolo contendere and was convicted in 1985 to three sex offenses. He contends that his public defender provided ineffective assistance in advising him to enter the plea because the defender did not warn him about the consequences of such a plea, e.g., that he'd have to register as a sex offender, that he could be subjected to a civil commitment as a sexually violent predator, and that his place of residence might be affected by sex offender registration laws. His complaint suggests (but does not actually allege) that his current incarceration is the result of a conviction or parole violation for non-compliance with the residence requirements for registered sex offenders. Wade states that he "would like [the] court to re-open" his criminal case, Complaint, p. 3, and allow him to introduce DNA evidence to prove that he is not guilty. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

This civil rights action will be dismissed because Wade cannot challenge a criminal conviction in a civil rights action. If Wade wants to challenge his conviction in federal court, he must file a petition for writ of habeas corpus because a petition for writ of habeas corpus is the exclusive method by which he may challenge a state court conviction in this court. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Before he may file a federal petition, Wade must exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court. See 28 U.S.C. § 2254(b)(1)(A),(c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). This court recently received a letter from Wade stating that the Alameda County Superior Court recently denied his habeas petition. A habeas petition in the trial court does not exhaust state court remedies; the petitioner must file in the California Supreme Court to give the state's highest court a fair opportunity to rule on the merits of his claims.

There are two other procedural problems that Wade will likely face. First, a petitioner must be in custody (e.g., in prison or on parole) for the conviction at the time he files his habeas petition challenging that conviction. Second, a habeas petition must be filed before the expiration of the one-year habeas statute of limitations, see 28 U.S.C. § 2244(d). The court does not decide either the custody or timeliness issues today and instead will await the filing of a petition (if that ever occurs) to decide whether either bars a federal habeas petition challenging a conviction that occurred 22 years ago.

This action is dismissed without prejudice to Wade filing a habeas petition to challenge a state court conviction. The clerk shall close the file.

IT IS SO ORDERED.

Dated: December 17, 2007

_____
SUSAN ILLSTON
United States District Judge

2